

**SIGNED this 6 day of May, 2014.**

_James P. Smith_

**James P. Smith**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 13 |
| | : | |
| BOBBY J. POINTER, | : | |
| ELIZABETH J. POINTER, | : | |
| Debtors | : | Case No. 07-31070-JPS |
| | : | |
| BOBBY J. POINTER, | : | |
| ELIZABETH J. POINTER, | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 13-3090 |
| UNITED STATES OF AMERICA, | : | |
| DEPARTMENT OF TREASURY, d/b/a | : | |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant | : | |

BEFORE

James P. Smith
United States Bankruptcy Judge

APPEARANCE:

For Plaintiffs:              Barry Gordon Irwin
                             P. O. Box 1861
                             Athens, Georgia 30603-1861


For Defendant:               Bruce T. Russell
                             Trial Attorney, Tax Division
                             U.S. Department of Justice
                             P. O. Box 14198
                             Ben Franklin Station
                             Washington, DC 20044

## MEMORANDUM OPINION

This matter comes to the Court on the motion to dismiss by the United States of America, Department of Treasury, d/b/a Internal Revenue Service ("IRS").  For the reasons stated herein, the motion is granted.

## FACTS AND PROCEDURAL POSTURE

The facts in this case are not in dispute and are established by the record.  Debtors filed their voluntary Chapter 13 petition on November 5, 2007.  Their plan was confirmed by order dated February 27, 2008.  The confirmed plan provided that all priority claims under 11 U.S.C. § 507 would be paid in full.

Initially, the IRS filed a proof of claim in the amount of $59,509.33, asserting a priority claim of $20, 846.23 (for income taxes for the years 2002, 2003 and 2006), a secured claim of $3,488.61 (for income taxes for the year 1998) and an unsecured claim of $35,174.49 (for income taxes for the years 1999, 2000 and 2001).  Debtors objected to the claim, contending that the tax lien of the IRS had been improperly filed and asked that the secured portion of the claim be re-designated as unsecured.  In response, the IRS amended its claim to reclassify the secured claim as unsecured.  As a result, Debtors withdrew their claim objection.

After completing payments under their plan, Debtors received a discharge pursuant to 11 U.S.C. § 1328(a) on March 4, 2013, and the Chapter 13 case was subsequently closed.  However, on motion by Debtors, the case was reopened on October 7, 2013, to allow Debtors to file the complaint herein.

On November 6, 2013, Debtors filed their complaint seeking damages against the

IRS, alleging that the IRS had attempted to collect certain taxes in violation of the

discharge order.  After issuance of summons and service upon the IRS, the IRS timely

filed a motion to dismiss[1], alleging that Debtors had failed to exhaust their administrative

remedies, as required by 26 U.S.C. § 7433, before filing this adversary proceeding.

<u>Analysis</u>

The IRS contends that, pursuant to section 7433(d)(1), a plaintiff is required to

exhaust its administrative remedies before it can bring a complaint for damages under

section 7433.  26 U.S.C. § 7433 provides:

> **(a) In general**.–If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

> **(b) Damages**.–In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of–

> > **(1)** actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

> > **(2)** the costs of the action.

> **(c) Payment authority**.–Claims pursuant to this section shall be payable out of

---

[1]  Bankruptcy Rule 7012(b) incorporates and makes applicable to adversary proceedings the provisions of Fed.R.Civ.P. 12(b).  A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Rule 12(b).  <u>Bryant v. Rich</u>, 530 F.3d 1368, 1375 (11th Cir. 2008).

Case 13-03090    Doc 17    Filed 05/06/14    Entered 05/07/14 16:28:11    Desc Main
Document    Page 5 of 9

funds appropriated under section 1304 of Title 31, United States Code.

**(d) Limitations**.--

    **(1) Requirement that administrative remedies be exhausted**.–A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

    **(2) Mitigation of damages**.–The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.

    **(3) Period for bringing action**.–Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

**(e) Actions for violations of certain bankruptcy procedures**.--

    **(1) In general**.–If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of Title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

    **(2) Remedy to be exclusive**.--

        **(A) In general**.–Except as provided in subparagraph (B), notwithstanding section 105 of such Title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

        **(B) Certain other actions permitted**.–Subparagraph (A) shall not apply to an action under section 362(h) of such Title 11 for a violation of a stay provided by section 362 of such title; except that–

            **(i)** administrative and litigation costs in connection with such an action may only be awarded under section 7430; and

          **(ii)** administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

Debtors do not dispute that they had not exhausted their administrative remedies prior to filing this adversary proceeding. Rather, they assert two arguments on why the exhaustion of remedies defense is not applicable.

First, relying on the case of <u>Hoogerheide v. IRS</u>, 637 F.3d 634 (6th Cir. 2011), Debtors argue that the requirements of section 7433(d) are not jurisdictional and thus do not prevent them from filing the instant complaint. While it is true that the court in <u>Hoogerheide</u> concluded that section 7433(d) was not jurisdictional, it nevertheless held:

> That the district court should not have dismissed this case for lack of jurisdiction does not end the matter. It is quite possible that "nothing in the analysis...below turned on the mistake [and] a remand would only require a new...label for the same...conclusion." <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, _U.S._, 130 S.Ct. 2869, 2877, 177 L.Ed.2d 535 (2010). This is just such a case.

> Hoogerheide did not exhaust his administrative remedies, and the United States timely raised the failure to exhaust as a defense in a motion to dismiss. For that reason, his claim must be dismissed.

<u>Id.</u> at 639.

Further, in the case of <u>Galvez v. IRS</u>, 448 Fed.Appx. 880 (11th Cir. 2011), the court similarly held that exhaustion of remedies under section 7433(d) was not jurisdictional. Nevertheless, the court held that the failure to exhaust administrative remedies resulted in a failure to state a claim upon which relief could be granted and accordingly dismissed the complaint pursuant to Rule 12(b)(6). <u>Id.</u> at 887.

Debtors also argue that the exhaustion of remedies requirement of section 7433(d) does not apply to actions for damages for violating the discharge order under 11 U.S.C.

§ 524.   In the case of <u>In re Moore</u>, 2013 WL 4017936 (Bankr. M.D. Ga., Aug. 6, 2013),

Judge Laney considered and rejected a similar argument, reasoning:

> Subsection (b) describes the amount of damages allowed in any action under
> subsection (a) or petition under (e).  <u>See</u> 26 U.S.C. § 7433(b)(1)-(b)(2).  Section
> 7433(d)(1) states, "A judgment for damages shall not be awarded under
> subsection (b) unless the court determines that the plaintiff has exhausted the
> administrative remedies available to such plaintiff within the Internal Revenue
> Service."  As noted, subsection (b) refers to petitions under subsection (e), so
> subsection (d)(1)'s required exhaustion of administrative remedies appears to
> apply to petitions under subsection (e).
>
> Some courts, however, have concluded that petitions under subsection (e) do not
> require exhaustion of administrative remedies.  Those courts point to §
> 7433(e)(2)(A), which states, "Except as provided in subparagraph (B),
> notwithstanding section 105 of such title 11, such petitions shall be the exclusive
> remedy for recovering damages resulting from such action."  If petitions under
> subsection (e) are the exclusive remedy, these courts state, then there are no other
> remedies to exhaust.  The opinion that appears to be the first to use this reasoning
> is <u>In re Graham</u>, 2003 WL 21224773 (Bankr. E.D. Va. 2003), which stated,
>
>> [T]here is a provision specifically for bankruptcy violations within § 7433
>> that does not require that the debtors exhaust administrative remedies.  26
>> U.S.C. § 7633(e)(2)(A) states that the exclusive remedy for recovering
>> damages for violations of the Bankruptcy Code is to petition the
>> bankruptcy court.  There is no mention in 26 U.S.C. § 7433(e), the section
>> devoted exclusively to bankruptcy violations, of the need to exhaust
>> administrative remedies.  The language is in fact quite clear[:] a petition to
>> the bankruptcy court is the *exclusive* remedy for the violation of
>> Bankruptcy Code provisions."
>
> <u>Id</u>. at *2; <u>see also</u> <u>In re Jha</u>, 461 B.R. 611, 625 (Bankr. N.D. Cal. 2011) (adopting
> <u>Graham</u>'s reasoning); <u>Johnston v. IRS (In re Johnston)</u>, 2010 WL 1254882, at *5
> (Bankr. D. Ariz. 2010) ("The Court also concludes that because of the exclusive
> remedy language of Section 7433(e)(2)(A), Section 7433(d), which purports to
> require that no judgment for damages may be obtained in any court for
> unauthorized collection actions by the IRS against a taxpayer unless the
> debtor/taxpayer has exhausted his or her remedies, does not apply to a debtor
> seeking relief under Section 7433(e)(2)(A).").
>
> The weight of authority, however, has held that a debtor must first exhaust
> administrative remedies.  <u>See, e.g.</u>, <u>Kuhl v. U.S.</u>, 467 F.3d 145, 147 (2nd Cir.

2006) ("[A]fter exhausting administrative remedies, the taxpayer may petition the bankruptcy court for damages."); Jacoway v. IRS (In re Graycarr, Inc.), 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005) (Graham "ignores the precise wording of subsection (b) .... 'Exclusive,' in this instance, can only mean that once the administrative remedies have been exhausted."); Kight v. IRS (In re Kight), 460 B.R. 555, 565 (Bankr. M.D. Fla. 2011) ("While § 7433(e) is the exclusive remedy available to a debtor to redress violations of the discharge injunction by the IRS, such remedy is not available to taxpayers unless they first exhaust their administrative remedies within the IRS."); In re Cooper, 2011 WL 165830, at *2 (Bankr. M.D. N.C. 2011).

The reasoning of Graham and its progeny has an intuitive appeal in that it seems nonsensical to refer to an exclusive remedy *in addition to* other remedies. But that intuitive appeal is superficial. The majority is correct that on a close reading, there is no way to separate the exhaustion requirement of subsection (d) from petitions under subsection (e). Subsection (d)(1) refers to subsection (b), which refers both to actions under subsection (a) and petitions under subsection (e). Moreover, adopting the minority interpretation of the exclusive-remedy language would render subsection (d)(1)'s exhaustion requirement surplusage. Subsection (a), which allows a taxpayer to bring an action for damages in district court, also contains an exclusive remedy requirement: "...such civil action shall be the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a). Both subsections (a) and (e) contain exclusive-remedy language. If actions in district court and petitions in bankruptcy court are exclusive in the sense that exhaustion of administrative remedies is unnecessary, subsection (d)(1)'s exhaustion requirement would be meaningless–it would apply to nothing. Because the majority view is more in line with the statute's text and because the minority view renders the exhaustion requirement surplusage, the Court concludes that a debtor must first exhaust administrative remedies before petitioning this Court under § 7433(e).

Id. at *2-3. (footnotes omitted).

This Court agrees with and adopts the reasoning of the court in Moore and holds

that Debtors must exhaust their administrative remedies before bringing suit in this

Court.[2]  Accordingly, the motion to dismiss by the IRS is granted. A separate order

---

[2]  Debtors' reliance on 11 U.S.C. § 106 to support their right to seek damages against the IRS without exhausting their administrative remedies is misplaced. Section 106(a)(4) provides that, "...enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such

consistent with this memorandum opinion will be entered.

---

governmental unit...".  26 U.S.C. § 7433, the nonbankruptcy law applicable to Debtors'
claim for damages, requires exhaustion of remedies.